Carr, J.
It was admitted by the appellee’s counsel, that Alcoclds suspension of proceedings on his execution, would nowise impair his remedy against the surety, if that suspension was merely voluntary on his part. But they insisted, *625 that it was in consequence of an agreement upon valuable consideration, which tied up Alcock’s hands, and therefore released the surety ; an agreement, namely, that one of the principal debtors should put a slave in Alcock’s hands, or under his power, to be sold for the debt, and that in consideration of this the execution should be suspended ; which agreement, they said, was complied with by the delivery of the slave to More to be sold by him for the purpose, or to be sold when Alcock should so require. If this case had been made out by the proofs, the counsel would have had pretty strong grounds to stand on. But to my mind, the evidence proves no such agreement. On the contrary, I think the evidence proves that the slave was put into Horc’s hands, but never into the possession or under the power of Alcock; and that this was a transaction between Richard Hill and Hore, to which Alcock was not a party, and which, indeed, was subsequent to the indulgence given by Alcock, and was nowise the consideration on which Alcock gave the indulgence. The circumstances detailed iu the evidence, instead of disproving, corroborate Alcock’s answer. This case, therefore, belongs to that class of cases, in which it has been held, that a voluntary indulgence given by a creditor to the principal debtor, does not impair the creditor’s remedy against the surety. The case of Waller v. M’Kenny, 1 Leigh 434. is in point for the appellant. The decree should be reversed, and the bill dismissed.
Cabell and Brooke, J. concurred.
Tucker, P. The direction given by Alcock to the sheriff, to suspend proceedings on his execution, against the principal, till further directed, was not of itself sufficient to discharge the surety. If, indeed, a creditor engages, for a good consideration, to give indulgence, so as to tie up his hands from proceeding at any moment he may be required by the surety to do so, the surety is absolved, unless such *626 indulgence is given with his assent. The constituents of ..... , ... r . , this principle, are, 1. a consideration ; lor without it, a promise to indulge is not binding : 2. a promise or agreement to indulge; for without it, the hands of the creditor are not tied, whatever collateral security he may have received : 3. that the promise should not be altogether indefinite; for an indefinite promise of forbearance is void and nugatory, and is held not to be an adequate consideration to support even a promise, since the forbearance might be but an hour, which would be a forbearance indeed, but of no advantage to the debtor: and 4. that the surety should not have assented to the indulgence given.
Trying this case upon these principles, I.think it very clear, that the surety was not absolved. For, as to the trans-r action at the time of the execution on the forthcoming bond, I think the evidence proves, that the probable motive of the appellee for joining in it as a surety, was the expectation of getting that indulgence for his friend, .which the sheriff assured him might be obtained from Alcock, upon the debt being secured by a forthcoming bond. To this indulgence then,'—if, indeed, the promise of it, thus unauthorized, by the sheriff, and the indefinite character of it, could bind Al-cock at all,—the surety himself assented. It was the consideration upon which he entered into the bond. Surely, he cannot complain that that has been done which was pro-raised by the sheriff on Alcock’s behalf, and was the operative motive with himself for joining in the bond.
With regard to the transaction respecting the slave put into the possession of fibre; this, it is alleged, was a consideration for the indulgence, and sufficient to bind Alcock. Admitting the facts as they are contended for, although here was a consideration, yet there was no promise, unless we resort to the original promise at the time the bond was given. Now the fact, that the principal placed collateral security in Alcock’s hands, which has been lost without his default (as, in this case, by the death of the pledge), is not sufficient to discharge the surety, unless accompanied by a promise of *627 specified forbearance. No such promise is proved, or even charged.
We must go back then to the promise at the time the bond was given, or there is no promise in the case. And if we do, we can see in the indulgence given, until More could make such sale of the property as would be just to all parties concerned, nothing but a fair, boná fide, and honorable compliance with the engagement made by the sheriff and ratified by Alcock, that he would give Richard Hill time to discharge the debt, provided a forthcoming bond was given with satisfactory surety; upon the faith of which promise, as I conceive, the appellee did become a surety. He cannot complain of a compliance with it, and therefore ought not to have sought this injunction.
Decree reversed, and bill dismissed.